UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

ABRAHAM HOLLEY,

Defendant.

Case No. CR-03-5311FDB

ORDER DENYING RESENTENCING

This case comes before the court for consideration of resentencing pursuant to the remand of the Ninth Circuit Court of Appeals and *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005). In accord with *Ameline*, the parties have filed pleadings in which they address the question of whether the sentence imposed would have been materially different had the district court known that the sentencing guidelines were only advisory. The court is mindful that the burden of proof is on the defendant to prove the positive of the stated proposition, and the court assumes that the burden is by a preponderance of the evidence.

On review of the aforementioned pleadings, transcripts, presentence report, and balance of the record, the court denies resentencing because it finds, for the reasons set forth below, that the defendant's sentence would not have been materially different had the court known that the Sentencing Guidelines were only advisory.

### *Factual Background*

Defendant Abraham Holley was driving in Pierce County, Washington on October 28, 2002, at 1:55 a.m., when a Pierce County Deputy Sheriff ran a records check on defendant's vehicle and learned that defendant had an outstanding felony warrant for his arrest for escape and an outstanding

ORDER - 1

misdemeanor warrant for driving with a suspended license.  When the officer put on his lights and attempted to stop the defendant, defendant refused to pull over, sped up, passed two other vehicles on the road, and drove into the on-coming traffic lane.  Defendant then slammed on his brakes, causing the deputy to slam on his brakes and steer to the right to avoid colliding with the defendant's car.  The defendant accelerated, made a series of turns and ran a stop sign.  The defendant was driving at a speed of 90 miles per hour in an area with a posted speed limit of 35 miles per hour.  He drove through another stop sign without stopping.

The defendant continued to drive at a high rate of speed, swerving into oncoming lanes to negotiate a turn in the road, and running through another stop sign without stopping.  Although smoke began coming from defendant's vehicle, he continued to accelerate and drove through a fourth stop sign.  The officer attempted to stop the defendant's car by making contact with his vehicle, but defendant accelerated, causing his vehicle to fishtail.  Defendant then drove through a parking lot, where the officer was successful in stopping the defendant's vehicle.

Following the stop, the defendant crawled out of his vehicle and fell to the ground, with both hands underneath his body.  Defendant was ordered to remove his hands but he refused to do so.  An officer saw what appeared to be the barrel of a handgun sticking out from under the defendant's left elbow and stomach.  The officer reached under the defendant and held onto the revolver in the defendant's front coat pocket.  The defendant continued to keep his hands underneath him and eventually the officers struck him to remove the firearm and place the defendant in handcuffs.  (Presentence Report ¶¶ 5-9).

*Procedural Background*

On April 30, 2004, defendant was charged by Indictment with one count of being a convicted felon in possession of a firearm in violation of Title 18, United States Code, §922(g)(1) and one count of possessing a firearm in violation of Title 18, United States Code, §922(k).  On June 20,

ORDER - 2

2003, defendant entered a guilty plea to count 1 of the Indictment charging him with being a felon in possession of a firearm. CR13. As part of he plea agreement, the United States dismissed the remaining count at the time of sentencing.

The presentence report prepared by the Probation Department included a calculation of defendant's sentencing guideline range. Beginning with a base offense level of 20, USSG §2K2.1(a)(4)(A), and adding a two level increase based on reckless endangerment during flight, USSG §3C1.2, an adjusted offense level of 22 was reached. A three level reduction based on acceptance of responsibility (USSG §3E1.1) was applied, for a total offense level of 19. Defendant's criminal history was determined to be a Category VI. Based on these scores, the guideline range for imprisonment was 63 to 78 months.

At the sentencing hearing on January 30, 2004, the only dispute between the parties was as to the two level enhancement for reckless endangerment. After hearing argument of counsel, the court found that the enhancement was applicable and the sentencing range was properly calculated at 63 to 78 months. Defendant sought a downward departure based on his deportability. The court denied that request, but sentenced defendant to the low end of the applicable guideline range. With credit for four months defendant spent in state custody, the resulting sentence was 59 months of imprisonment followed by three years of supervised release.

Defendant appealed his sentence and while that appeal was pending, the United States Supreme Court decided *United States v. Booker*, 125 S.Ct. 738 (2005), holding that the Sentencing Guidelines are advisory. Subsequently in *United States v. Ameline*, 409 F.3d 1073, the Ninth Circuit established the procedure to be followed in cases pending on appeal in which a defendant had failed to preserve a constitutional challenge to the application of the Sentencing Guidelines at the time of sentence.

Defendant Holley argues that the court should conclude its sentence would have been

ORDER - 3

materially different for two reasons.[1]  First, defendant argues that his status as a deportable alien, who had been ordered deported, was a ground for a downward Sentencing Guideline departure. Second, Defendant argues that his prior conviction for conspiracy to distribute a controlled substance can no longer be used as a predicate offense for purposes of 18 U.S.C. § 922(g)(1) because he was not sentenced to a term of imprisonment exceeding one year.

### A. *Downward Department Based on Alien Status*

Defendant argues that the court should now take defendant's immigration and imprisonment status into full consideration at resentencing. However, defendant's immigration and imprisonment status was given full consideration by the court at the original sentencing, including the fact that the order of deportation had been pending for approximately eight or nine years, with no action. Defendant argues that his certain deportation takes on new weight in a sentencing context where the court must consider all §3553 statutory concerns.  The court disagrees that such a consideration necessarily requires a lesser sentence.  Defendant's argument that his immigration status makes him ineligible for certain prison programs which might entitle him to early release or minimum security, were well known to the court at the defendant's original sentencing.

Taking all of §3553 factors into account leads the court to again conclude that any new sentence would not be materially different from the one earlier imposed.  Defendant, who had five prior felony convictions, was in possession of a firearm.  When police attempted to stop him, he engaged in a high speed chase, traveling at 90 miles per hour in a 35 mile per hour zone, running through stop signs and swerving into an oncoming lane.  After he was finally stopped, the defendant refused to show his hands and was placed on the ground, where it was discovered that he was hiding a firearm.   In addition to these facts, which the court found warranted application of a reckless endangerment increase and to which the defendant admitted (although he disputed at sentencing that

---

[1] Defendant does not here raise the offense level enhancement issue he appealed to the Ninth Circuit.

ORDER - 4

the facts warranted the two point increase), defendant's criminal history is significant. Defendant, who was 35 years old at sentencing, had five felony convictions and numerous misdemeanor convictions spanning 15 years, with 21 criminal history points resulting in a Category VI Criminal History.

### B.   Predicate Offense for Purposes of 18 U.S.C. § 922(g)(1)

Although mindful that this issue has been decided against him in *United States v. Murillo*, 422 F.3d 1152 (9th Cir. 2005), defendant argues that his prior conviction for conspiracy to distribute a controlled substance cannot be used as a predicate offense for purposes of section 922(g)(1) because Washington state's guideline system mandated only a twelve month sentence. Therefore, defendant argues that the Washington court lacked discretion to impose a sentence of incarceration of more than one year. Defendant urges that to satisfy the Sixth Amendment under *Blakely v. Washington*, 542 U.S. 296 (2004), the maximum sentence is the maximum that can be imposed under the guidelines, not the maximum as set forth by the legislature in the statute. In light of a pending petition for rehearing in *Murillo*, and a contrary unpublished decision in the Tenth Circuit, Defendant urges the court to reconsider this issue.

This court has previously considered this issue and reached the same conclusion as that of the Ninth Circuit in *Murillo*. The court remains convinced that when the criminal statute under which a defendant is convicted is, by definition, a felony offense "'punishable by a term exceeding one year," the statute may serve as a predicate offense under § 922(g)(1). The court does not agree that *Blakely* was meant to be retroactively applied to change the nature of a criminal statute. A straightforward and logical reading of the language of § 922 leads to the conclusion that the focus of the section must be on the *potential* punishment for the underlying crime, not the punishment actually received.

Therefore, because the criminal statute under which Defendant was convicted is classified as a felony offense punishable by at least one or more years in prison, Defendant is a convicted felon

ORDER - 5

subject to prosecution under 18 U.S.C. § 922(g)(1).

**Conclusion**

The court would not have imposed a materially different sentence had it understood at the time of defendant's sentencing that the Sentencing Guidelines were advisory only. Although only advisory, the Guidelines remain a factor for this court to consider and the court remains convinced that defendant's sentencing range was correctly calculated. Defendant's deportation status was argued at sentencing and was taken into consideration by the court in determining that defendant should be sentenced at the lower end of the sentencing range. Finally, in keeping with § 3553(a) factors, the nature and circumstances of the offense, along with the history and characteristics of the defendant do not warrant a dissimilar sentence. The court feels that the original sentence properly reflected the seriousness of defendant's offense. Additionally, given the recklessness of defendant's behavior, the need to afford adequate deterrence and to protect the public would result in a sentence similar to the one originally imposed.

ACCORDINGLY,

IT IS ORDERED:

(1) The court declines to resentence the Defendant; and

(2) The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record.

DATED this 23rd day of January, 2006.

FRANKLIN D. BURGESS
United States District Court Judge

ORDER - 6